[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2010
JOHN LEY
CLERK

No. 09-16498
Non-Argument Calendar

_____

D. C. Docket No. 09-00364-CV-IPJ

BYRON I. WILSON,

Plaintiff-Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 28, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Byron Wilson, proceeding *pro se*, appeals the district court's grant of BellSouth Telecommunications, Inc.'s (BST) motion for summary judgment as to his complaint alleging racial discrimination and retaliation under Title VII and 42 U.S.C. § 1981. Wilson asserts he established *prima facie* cases of both race discrimination and retaliation, and the district court erred in concluding otherwise. After review,[1] we affirm the district court's grant of summary judgment to BST.

Wilson relies on circumstantial evidence to support his complaints of discrimination and retaliation, and we will assume, without deciding, that Wilson established *prima facie* cases of race discrimination and retaliation. After a plaintiff establishes a *prima facie* case, the employer must proffer a legitimate, nondiscriminatory and non-retaliatory reason for the adverse employment action. *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997). *Id.* at 1566. If the employer offers legitimate reasons for the employment action, the plaintiff must then demonstrate the employer's proffered explanation is pretext for discrimination or retaliation. *Id.* "The plaintiff must meet the reason proffered head on and rebut it." *Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007).

---

[1] We review the district court's ruling on summary judgment *de novo*. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Id. at* 1341-42 (quotations omitted).

BST satisfied its burden in offering legitimate, non-discriminatory reasons for terminating Wilson, specifically his continued failure to follow established work procedures, taking unauthorized overtime, and missing customer due dates. Wilson has not rebutted these reasons head on. Instead, he merely alleges these reasons were "pretextual." These conclusory allegations of pretext are insufficient for Wilson to meet his burden. *See Young v. Gen. Foods Corp.*, 840 F.2d 825, 830 (11th Cir. 1988) (holding that conclusory allegations, without more, are insufficient to raise an inference of pretext). Accordingly, we affirm the district court's grant of summary judgment to BST.

**AFFIRMED.**